COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


EDWARD ANDERSON WASHINGTON, JR.

v.          Record No. 1730-94-2      MEMORANDUM OPINION[*]
                                 BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA              NOVEMBER 7, 1995


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                 James B. Wilkinson, Judge

        Cullen D. Seltzer, Assistant Public Defender
        (David J. Johnson, Public Defender, on briefs),
        for appellant.

        Robert B. Beasley, Jr., Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
        for appellee.


        A jury found Edward A. Washington, Jr., the defendant,
guilty of attempted rape. Washington contends on appeal that the
trial court erred by admitting into evidence a pornographic
magazine[1] that fell out of his rear pants pocket during the
commission of the offense. We find no error and affirm the
conviction.

        Washington argues that the trial court allowed the
Commonwealth to introduce the pornographic magazine without
establishing the necessary foundation that a scientific nexus
exists between pornography and sexual violence. We do not

_____

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

        [1] The magazine contained sexually explicit photographs and
articles depicting male and female genitalia and persons engaged
in heterosexual and homosexual sex.

address this argument because whether a scientific basis exists for the proposition that pornography contributes to the incidence of sexual assaults does not control the admissibility of the magazine into evidence.  The trial judge admitted the magazine as evidence tending to show the defendant's state of mind, which was relevant to prove his intention toward his victim.  We will not disturb the trial court's exercise of discretion in admitting the evidence unless it was plainly wrong.  See Enoch v. Commonwealth, 141 Va. 411, 438, 126 S.E. 222, 230 (1925).

In Enoch, a young woman was raped and murdered.  Two days later, the police arrested Enoch and found in his possession photographs of naked women.  Id. at 437, 126 S.E. at 230.  The trial court stated that the "lewd photographs . . . taken from the pocket of the accused at the time of his arrest were calculated to inflame the sexual passions of a man, and were allowed in evidence as tending to show the state of mind of the accused and the motive for the commission of the double crime of rape and murder."  Id. at 437-38, 126 S.E. at 230.  The Supreme Court held that "[t]he question of [the photographs'] admissibility was one resting in the sound discretion of the trial court, and, as its judgement is not plainly wrong, it will not be disturbed."  Id. at 438, 126 S.E. at 230.

In Bunting v. Commonwealth, 208 Va. 309, 313-14, 157 S.E.2d 204, 208 (1967), the Supreme Court distinguished Enoch.  While searching Bunting's home five months after the rape, the police

found several "girlie magazines" and photographs of a "scantily clothed female." Id. at 311, 157 S.E.2d at 206. The Supreme Court held that the trial court erred in admitting the photographs. Id. at 314, 157 S.E.2d at 208.

> We do not think that Enoch can be relied on as authority for admitting in evidence the photographs in the present case. There the lewd pictures of naked women were found on the accused shortly after the young lady was raped and murdered. In the present case the pictures show defendant's wife in bed wearing what appears to be short pajamas. The evidence does not show when the photographs were taken and for what purpose. They were not taken from defendant's person but were found in his home months after the rape charge.

Id. (emphasis added).

In the present case, Patrick Leonard testified that he saw the magazine in Washington's back pocket when Washington was on top of the victim. When Washington tackled her, she landed on her back with Washington on top of her. The victim noticed that the zipper on Washington's pants was open. She testified that Washington straddled her, "anchoring [her] buttocks with both his knees," and was "trying to pull his pants . . . apart and down." The magazine fell out of Washington's pocket when he stood up and ran, and Leonard retrieved the magazine shortly after apprehending Washington. The facts in this case are more compelling and more similar to the facts in Enoch than they are to Bunting. If the lewd photographs taken from Enoch's possession two days after the rape were relevant to prove his

state of mind and motive, then the pornographic magazine that Washington possessed at the time of the assault was relevant to prove his state of mind and motive.  The trial court specifically instructed the jury that the magazine was admissible only to show the defendant's state of mind at the time and that they were free to accept or reject its probative value on this issue.  The magazine was introduced to show the defendant's state of mind at the time of the crime, and not to establish an empirical or scientific link between pornography and violence against women, and the trial court did not abuse its discretion in admitting the pornographic magazine for this purpose.  We affirm the defendant's conviction.

<u>Affirmed.</u>
